IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-CR-082 |
| | ) | |
| DAVIDSON COACHY | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the January 20, 2011 report and recommendation of Chief United States Magistrate Judge Dennis H. Inman [doc. 85], along with the defendant's objection thereto [doc. 87]. Magistrate Judge Inman recommends that the defendant's motions to suppress [docs. 54, 63] be denied.

The court has undertaken a *de novo* review of the report and recommendation, as is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

On January 19, 2011, the magistrate judge conducted an evidentiary hearing on the motions to suppress. Agent Vincent Walters testified. Introduced into evidence were: photographs; a state criminal complaint and arrest warrant; a *Miranda* form signed by the defendant; three of the criminal complaints presented in this case, as signed by Agent Walters; and two Report of Investigation forms, both of which bear Agent Walters' name on

the signature line.  No transcript of the hearing has been filed.[1]

The relevant factual background has been well detailed by the magistrate judge and need not be repeated at length herein.  In brief, the defendant was arrested on July 9, 2010, and made statements to the arresting officers at that time.  The officers found cash and oxycodone during a subsequent warrantless search of the defendant's Holiday Inn motel room.

Arguing that he was not *Mirandized*, the defendant now moves for suppression of the statements he made on the afternoon of his arrest.  Further arguing that he did not consent to the search of his motel room, the defendant moves for suppression of the fruits of that warrantless search.

Agent Walters was the only person to testify at the suppression hearing, and he was also one of the arresting officers.  Agent Walters testified that he *Mirandized* the defendant at the time of arrest (which occurred in the early afternoon) and that the defendant knowingly and voluntarily waived his right to remain silent.  The agent further testified that the signed *Miranda* form, executed by the defendant at 8:40 p.m. on July 9, was executed only to memorialize the earlier verbal *Mirandization* and consent.  As to the search of the motel room, Agent Walters testified that the defendant knowingly and voluntarily consented, even going as far as removing the room key from his wallet and providing it to the officers for access into the room.

---

[1] The defendant concedes that the report and recommendation "correctly summarizes the testimony of Agent Walters." [Doc. 87, ¶ 2].

Magistrate Judge Inman found Agent Walters' uncontroverted testimony to be "unreservedly believ[able]." Based on that credited testimony, the magistrate judge concluded that the defendant knowingly and voluntarily waived his right to remain silent, and that he knowingly and voluntarily consented to the search of his hotel room.

The defendant attacks Agent Walters' believability by citing two discrepancies in the documents introduced into evidence at the suppression hearing. The defendant argues that "Agent Walters could not be believed because he is either extraordinarily sloppy and as such his testimony cannot be trusted, or he has lied under oath either when he swore to the criminal complaint or when he testified at the suppression hearing."

The first issue raised by the defendant pertains to the two July 14 Report of Investigation forms. The shorter report [ex. 5] states that the *Mirandization* occurred at approximately 2:00 p.m. on July 9. The longer report [ex. 4] states that the defendant was *Mirandized* between 1:00 and 1:15 p.m. that day. As to this discrepancy, the magistrate found,

> Whether one of the times was the result of a typographical error, or the result of a mental error when preparing either document, it is inconsequential. Agent Walters is an extremely credible witness, and this *de minimis* inconsistency regarding the time he administered the *Miranda* warning to Mr. Coachy does nothing to compromise his testimony.

[Doc. 85, p.5]. The court agrees that the time discrepancy in the officer's report is *de minimis* and does not impact his veracity as a testifying witness.

The second issue raised by the defendant is, as noted by the magistrate, "not an error that can be easily glossed over." The criminal complaints signed by Agent Walters and presented to the magistrate present a somewhat different version of the defendant's arrest. Most glaringly, the complaints aver that the defendant was arrested and *Mirandized* <u>at his residence</u> rather than at the Holiday Inn. The magistrate accurately observed that this was, "to put it bluntly, a careless mistake and, in other circumstances, it could have been an extremely dangerous mistake. It should not recur."

The magistrate went on, however, to conclude that the discrepancy in the criminal complaints did not compromise the credibility of Agent Walters' hearing testimony. The undersigned has not been presented with persuasive grounds to reject that credibility determination. It is noteworthy that the defendant does not contest that he was in fact arrested at the Holiday Inn [doc. 63, ¶ 5] as testified to by Agent Walters. The court agrees with the magistrate's observation that the defendant has offered no motive why Agent Walters would lie about the location of the arrest. It therefore appears that the discrepancies in the criminal complaints are error rather than fabrication.

In recommending that the defendant's suppression motions be denied, the magistrate has relied on Agent Walters' credibility *as a live witness* - not on his precision in generating and reviewing documents. Undoubtedly, future errors by the officer such as those cited herein will "come back to bite" law enforcement. But, again, the issue here is the magistrate's credibility determination as to Agent Walters' veracity on the witness stand.

4

The magistrate clearly found him to be a credible witness, and the undersigned will not overturn that finding on the facts of this case.

The court therefore adopts the magistrate judge's conclusion that the defendant was *Mirandized* at the time of his arrest and that he knowingly, intelligently, and voluntarily waived the right to remain silent. Similarly, the court adopts the magistrate judge's conclusion that the defendant knowingly, intelligently, and voluntarily consented to the search of his motel room. Therefore, the court **ADOPTS** the findings of fact and conclusions of law set out in Magistrate Judge Inman's report and recommendation [doc. 85]. It is **ORDERED** that the defendant's motions to suppress [docs. 54, 63] are **DENIED.** The defendant's objection [doc. 87] is **OVERRULED**.

    **IT IS SO ORDERED.**

ENTER:

    s/ Leon Jordan
    United States District Judge