UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:10-CR-082 |
| | ) | |
| DAVIDSON COACHY | ) | |

### MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 205]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the present motion [doc. 206]. Having now considered the full record before it, the court concludes that the defendant's motion should be denied.

I.  **Background**

By judgment dated February 2, 2012, this court imposed a sentence of 92 months' imprisonment as to Count One (conspiracy to distribute and possess with the intent to
Case 2:10-cr-00082-RLJ   Document 207   Filed 05/06/16   Page 1 of 5   PageID #: 604

distribute oxycodone). The sentencing guidelines classified the defendant as a career offender pursuant to U.S.S.G. § 4B1.1 because of two prior felony burglary convictions. The defendant's advisory guideline range (pursuant to the career offender guideline) was 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI. At sentencing, the court granted the defendant's variance motion and imposed the 92-month sentence. According to the Bureau of Prisons, the defendant is presently scheduled for release on March 13, 2017.

**II.     Analysis**

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because the present defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a), his offense level and criminal history category were both determined by reference to the career offender guideline. His offense level was not based on the quantity of drugs for which he was held responsible. Because the defendant's sentence was based on the career offender guideline rather than U.S.S.G. § 2D1.1, he is ineligible for a sentence reduction. *See, e.g., United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013) (A defendant whose "sentence was not 'based on' § 2D1.1 . . . is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)[.]").

By memorandum and order entered two weeks prior to sentencing, this court overruled the defendant's objection to his career offender designation, stating that "[t]he present PSR correctly applies the career offender enhancement . . . ." [Doc. 156, p.6]. At the commencement of the sentencing hearing, the court again confirmed the defendant's career offender guideline range. The court then granted the defendant's motion for downward variance from that range [doc. 157]. The motion was based on the defendant's remorse, family considerations, and attempts at cooperation, as well as the argument that a guideline sentence would be overly severe in light of the substantially lesser sentences received by the codefendants in this case [doc. 153].

The Statement of Reasons form further illustrates that the court deemed the career offender guideline range to be correct. *See* Statement of Reasons, p.1. The Statement of Reasons also confirms that the court then varied downward from that range (upon the defendant's motion) due to the defendant's history, characteristics, and "honest and truthful" cooperation, along with the need to avoid unwarranted sentence disparity. *See id.*, p.3.

That the defendant's ultimate sentence fell within the non-career offender guideline range in this case is not dispositive. The defendant relies upon *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012). In *Jackson*, the district court had imposed a sentence "below the advisory guideline range for a career offender and within the old guideline range for crack cocaine violations that would have otherwise applied to Jackson if he were not a career offender." *Jackson*, 678 F.3d at 443. The Sixth Circuit remanded

3

Jackson's case to allow the district court to consider guideline Amendment 750, concluding that the original sentence was "based on" the 2D1.1 drug quantity guideline range rather than the career offender range. The *Jackson* court explained,

> A review of the transcript demonstrates that the district court granted Jackson a downward variance of 38 months from the career offender guideline applicable to him based on the "untenable" disparity in the crack versus powder cocaine sentences. . . . The sentence fell within the upper end of the advisory range . . . that would have applied to Jackson under the crack cocaine guidelines if he were not a career offender.
>
> The district court varied downward from the career offender guideline to a sentence it believed was more reasonable based on the crack versus powder disparity – at least as far as we can tell from the transcript. *The court mentioned no other reason* that could account for the 38-month downward variance in the ultimate sentence. Jackson's sentence was "based on" the range produced by subtracting three levels from the career offender guideline. The district court rejected the career guideline range in favor of something else. *The only "something else" he mentioned at the sentencing hearing* was the "untenable" disparity in crack versus powder sentencing. Although we cannot know exactly how the court would have sentenced Jackson had the revised guidelines been in place in July 2010, the court expressed its desire to use the lower range in sentencing Jackson.

*Id.* at 444-45 (emphases added).

Conversely, the present defendant cites no direct evidence that this court based his sentence on the controlled substance guideline range. Instead, the record shows that the court varied downward from the career offender range at the defendant's request and for the reasons advance by the defendant at sentencing – disparity, remorse, family circumstances, and cooperation.

The defendant's sentence was therefore "based on" the career offender guideline range. Consequently, his guideline range has not been lowered as a result of Amendment

4

782's revision of the § 2D1.1 Drug Quantity Table.  Amendment 782 did not alter the career offender guideline.

**III. Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 205] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge